**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BETTY LOU GARNER**, <br><br> Plaintiff, <br><br> v. <br><br> **METROPOLITAN LIFE INSURANCE COMPANY**, <br><br> Defendant. | Civ No.: 4:20-cv-4182 <br><br> **NOTICE OF REMOVAL** |

Defendant Metropolitan Life Insurance Company ("MetLife"), through its undersigned counsel, submits this Notice of Removal of this matter to the United States District Court for the District of South Dakota pursuant to 28 U.S.C. § 1441.

1.       The Complaint and Demand for Trial by Jury, as well as Summons was served upon the South Dakota Department of Labor and Regulation Division of Insurance on October 30, 2020. The Complaint was filed in state court on November 20, 2020, captioned *Betty Lou Garner v. Metropolitan Life Insurance Company*, Case No. 49CIV20-003224, in the Circuit Court Second Judicial Circuit, County of Minnehaha, State of South Dakota.

2.       In the Complaint, plaintiff alleges that her late husband, Tommy Wayne Garner, had two life insurance policies through his employment issued by MetLife providing benefits in the face amounts of $15,000.00 and $150,000.00.  Plaintiff also alleges that she was the designated beneficiary and, thus, entitled to a total of $165,000.00 in life insurance benefits following his death on June 27, 2020.  Plaintiff contends that she submitted a claim for life insurance benefits to MetLife.  She then received a check from MetLife in the amount of $114,010.93 on or about August 7, 2020.  Plaintiff asserts that on August 14, 2020, her representative sent a letter to MetLife

requesting an explanation as to why it refused or failed to pay her the full amount of life insurance benefits under both policies and that she did not receive a response.  She then served her Complaint and Summons against MetLife through the Division of Insurance.  Although not expressly denominated in the Complaint, it appears that the claims for relief include breach of contract, breach of the duty of good faith and fair dealing, and violation of unfair or trade practices as defined by SDCL § 58-33-67.  Plaintiff claims she sustained a monetary loss of $50,989.07 (the difference between the alleged face amount of the two policies and the amount MetLife paid) and suffered consequential damages including, but not limited to, mental anguish, emotional distress, undue hardship, inconvenience and loss of enjoyment of life.  She also seeks punitive damages pursuant to SDCL § 21-3-2 and 21-1-4.1.  Plaintiff further requests attorney's fees pursuant to SDCL § 58-12-3.

3.      This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

4.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.      "The purpose of [the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*] is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive preemption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern'". *Aetna Health Inc. v.*

[2]

*Davila*, 542 U.S. 200, 208 (2004) (citing *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  "Thus, the ERISA civil enforcement mechanism [29 U.S.C. § 1132(a)(1)(B)] is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).  Causes of action which fall within the scope of 29 U.S.C. § 1132(a)(1)(B) are completely preempted and hence appropriate for removal. *Id.*  ERISA was enacted "to ensure the employee benefit plans and plan sponsors would be subject to a uniform body of benefit law so as to prevent inefficiencies which could work to the detriment of plan beneficiaries. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990).  "ERISA preempts state common law tort and contract actions asserting improper processing of a claim for benefits' under an ERISA plan." *Moore v. Apple Cent., LLC*, 893 F.3d 573, 576 (8th Cir. 2018) (citing *Thompson v. Gencare Health Sys., Inc.*, 202 F.3d 1072, 1073 (8th Cir. 2000)).  "If the essence of a state law claim relates to the administration of plan benefits, it falls within the scope of ERISA." *Id.*  ERISA preemption is deliberately expansive and a law "relates" to a benefit plan covered by ERISA if it has connection with or reference to such a plan. *Johnston v. Paul Revere Life Ins. Co.,* 241 F.3d 623, 630 (8th Cir. 2001).

6.      Removal of this lawsuit to federal court is appropriate as plaintiff alleges that she was wrongfully denied benefits under life insurance policies issued through her late husband's employment.  The group insurance policy is an employee benefit plan as defined by ERISA and insured by MetLife wherein TForce Holdings USA, Inc. and its affiliates are the named policyholders. (*See* T Force Holdings USA, Inc. and Affliates Health and Welfare Plan, attached as Exhibit A).  The plan is expressly governed by ERISA. *Id.* at MetLife 00091-98 (containing

[3]

"Statement of ERISA Rights," including "As a participant in the Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974."). The plan addresses basic and supplemental life insurance. *See id.* at MetLife 00001-85. Plaintiff attempts to state a claim to recover benefits under the plan, which directly falls within the scope of ERISA's civil enforcement provision and, therefore, is preempted. Plaintiff's claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of unfair or trade practices as defined by SDCL § 58-33-67 are preempted. *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006); *Fink v. Dakotacare*, 324 F.3d 685, 689 (8th Cir. 2003); *Howard v. Coventry Health Care, of Iowa, Inc.*, 293 F.3d 442, 446 (8th Cir. 2002). As such, her claims against MetLife are subject to ERISA over which this Court has removal jurisdiction.

6.      "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332(a)(1). Alternatively, removal of this lawsuit to federal court is appropriate as plaintiff is a citizen of the State of South Dakota and MetLife is a citizen of the State of New York. Plaintiff admits in her Complaint that she is a resident of Sioux Falls, South Dakota and that MetLife is a New York corporation. MetLife is a New York company with its principle place of business in New York. Thus, complete diversity exists between the parties. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff seeks $50,989.07 for contract damages and claims she "suffered consequential damages including, but not limited to, mental anguish, emotional distress, undue hardship, inconvenience and loss of enjoyment of life." She also seeks punitive damages pursuant to SDCL § 21-3-2 and 21-1-4.1. Plaintiff further requests attorney's fees pursuant to SDCL § 58-12-3. It is apparent based upon the claimed outstanding life insurance benefits and purported

[4]

"consequential damages" that the matter in controversy exceeds the sum or value of $75,000.   As such, this Court has removal jurisdiction.

      8.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon MetLife is also submitted.

      DATED this the 24th day of November, 2020.

Respectfully submitted,

*/s/ Christine M. Kroupa*
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
730 South Street, Suite 200
Rapid City, South Dakota 57701
Telephone: (303) 534-5160
ckroupa@grsm.com
*Attorneys for Defendant Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this 24th day of November, 2020.

Scott G. Hoy, Esq.  [*copy via* Odyssey]
HOY TRIAL LAWYERS, PROF.L.L.C.
901 West 10th Street, Suite 300
Sioux Falls, South Dakota 57104
scott@hoylaw.com

Clerk of the Second Circuit Court  [*copy filed via* Odyssey]
for the County of Minnehaha
425 N. Dakota Avenue
Sioux Falls, South Dakota 57104

/s/ Christine M. Kroupa
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
730 South Street, Suite 200
Rapid City, South Dakota 57701
Telephone: (303) 534-5160
ckroupa@grsm.com
*Attorneys for Defendant Metropolitan Life Insurance Company*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BETTY LOU GARNER

**DEFENDANTS**

METROPOLITAN LIFE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  **Minnehaha County, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **New York County, NY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott G. Hoy, Esq.
Hoy Trial Lawyers, Prof, L.L.C.
901 W. 10th Street, Suite 300, Sioux Falls, SD 57104

Attorneys *(If Known)*
Christine Kroupa, Esq.
Gordon Rees Scully Mansukhani, LLP
730 South Street, Suite 200, Rapid City, SD 57701

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [x] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331 and, alternatively, 28 U.S.C. § 1332(a)(1)

Brief description of cause:
Claim for life insurance benefits based upon employee benefit plan governed by ERISA, 29 U.S.C. 1001 et seq.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
11/24/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christine M. Kroupa

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____