| | |
|---|---|
| STATE OF SOUTH DAKOTA)<br>:SS<br>COUNTY OF MINNEHAHA ) | IN CIRCUIT COURT<br><br>SECOND JUDICIAL CIRCUIT |

| | |
|---|---|
| BETTY LOU GARNER,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | CIV.<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

Plaintiff Betty Lou Garner (hereinafter "Plaintiff"), for her cause of action against Defendant Metropolitan Life Insurance Company (hereinafter "Defendant"), states and alleges:

1. At all times material hereto, Plaintiff is and was a resident of the City of Sioux Falls, County of Minnehaha, State of South Dakota.

2. At all times material hereto, Defendant is and was a New York Corporation duly licensed to transact the business of life insurance as a foreign corporation in the State of South Dakota.

3. This court has personal jurisdiction over the parties pursuant to SDCL § 15-7-1 *et seq.*, including, but not limited to, SDCL §§ 15-7-2(1), 15-7-2(2), 15-7-2(4), 15-7-2(5) and 15-7-2(11), as well as subject matter jurisdiction over the action, case or controversy.

4. On July 3, 1975, Plaintiff was married to Tommy Wayne Garner (hereinafter referred to as "Mr. Garner").

5. At some point in time, prior to June 27, 2020, Mr. Garner, through his employment, procured two life insurance policies issued by Defendant providing benefits in the face amounts of $15,000.00 and $150,000.00, respectively; Plaintiff is informed and believes that she was named as the designated beneficiary in both policies.

6. After the death of Mr. Garner on or about June 27, 2020, Plaintiff submitted a claim for life insurance benefits to Defendant under Group Number 0223689; Defendant assigned number 22007002736 to the claim.

7. On or about August 7, 2020, Defendant sent Plaintiff check number 003608976 in the amount of $114,010.93.

8. By letter dated August 14, 2020, Defendant's representative sent Defendant a letter requesting an explanation for why Defendant failed or refused to pay $165,000, the full face amount of life insurance benefits provided under both policies; to date, Defendant has neither replied in writing nor otherwise responded.

9. In this lawsuit, Plaintiff seeks additional contract benefits in the amount of $50,989.07 plus applicable prejudgment and post judgment interest pursuant to SDCL §§ 15-16-3, 21-1-13.1, 54-3-5.1 and 54-3-16.

10. Plaintiff further alleges that Defendant breached its duty of good faith and fair dealing owed to Plaintiff by failing to conduct a reasonable investigation, committing unfair or trade practices as defined by SDCL § 58-33-67, taking a frivolous or unfounded position in responding to Plaintiff's claim, knowing that it did not have a reasonable basis for refusing to pay the full amount of the claim or recklessly determining that it had a reasonable basis to deny full payment, failing to provide

Plaintiff with a reasonable explanation regarding the calculation of payments after the submission of a claim and failing and refusing to provide a reasonable explanation for the partial denial of benefits after a written request for the basis of calculations.

11. As direct and proximate result of Defendant's breach of contract, breach of duty of good faith and fair dealing, bad faith and other wrongful conduct, Plaintiff sustained a monetary loss of $50,989.07 and suffered consequential damages including, but no limited to, mental anguish, emotional distress, undue hardship, inconvenience and loss of enjoyment of life, in amounts to be determined by a jury.

12. Plaintiff further alleges that Defendant's breach of duty of good faith and fair dealing and other wrongful conduct arises to the level of bad faith, oppression, fraud, malice intentional misconduct, and/or willful and wanton misconduct entitling Plaintiff to seek punitive damages pursuant to SDCL §§ 21-3-2 and 21-1-4.1.

13. Based upon Defendant's vexatious and/or unreasonable refusal to pay the full amount of the loss, Plaintiff also seeks attorney fees pursuant to SDCL § 58-12-3 and specifically requests a separate hearing pursuant to SDCL § 58-12-3.1.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    A. For contract damages in the amount of $50,989.07;

    B. For additional compensatory damages as alleged above for breach of duty of good faith and fair dialing and/or bad faith in amounts to be proven at trial;

    C. For prejudgment and post judgment interest as provided by law in accordance with SDCL §§ 15-16-3, 21-1-13.1, 54-3-5.1 and 54-3-16;

    D. For attorney fees pursuant to SDCL § 58-12-3 and a hearing provided by SDCL § 58-2-3.1;

    E. For punitive damages in an amount to be determined by the jury

and a hearing provided by SDCL § 21-1-4.1, and;

F. For Plaintiff's costs, disbursements, and expenses, and such other further relief as the Court deems just and equitable in the premises.

Dated at Sioux Falls, South Dakota, this ___ day of October, 2020.

HOY TRIAL LAWYERS, PROF. L.L.C.

_____
Scott G. Hoy
901 W. 10th Street, Suite 300
Sioux Falls, SD 57104
Ph: 605-334-8900
Fax: 605-338-1918
Email: scott@hoylaw.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff by and through his counsel of record and hereby demands trial by jury.

_____
One of the attorneys for Plaintiff

4