UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BETTY LOU GARNER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br>　　　　　Defendant. | 4:20-CV-04182-KES<br><br>ORDER DENYING MOTION TO DISMISS |

On November 20, 2020, plaintiff, Betty Lou Garner, filed a complaint in state court, Second Judicial Circuit Court in Minnehaha County, South Dakota, alleging state law claims for breach of contract, bad faith, unfair or deceptive trade practices under SDCL § 58-33-67, prejudgment and post judgment interest, attorneys' fees, punitive damages, and other plaintiff's costs and expenses against defendant, Metropolitan Life Insurance Company (MetLife). Docket 1-2. MetLife removed the case to the United States District Court for the District of South Dakota under 28 U.S.C. § 1441. Docket 1. MetLife now moves to dismiss all claims asserted by Garner under Federal Rule of Civil Procedure 12(b)(6) arguing the state-law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). Docket 2. Garner opposes the motion to dismiss. Docket 5. For the following reasons, the court denies the motion to dismiss.

## BACKGROUND

The facts alleged in the complaint, accepted as true, are as follows:

Betty Lou Garner, a resident of South Dakota, was married to Tommy Wayne Garner from July 3, 1975, until Mr. Garner's death on June 27, 2020. Docket 1-2 ¶¶ 1, 4, 6. Through Mr. Garner's employment, he procured two life insurance policies issued by MetLife, a New York corporation. *Id.* ¶¶ 2, 5. The face amounts of the policies were $15,000.00 and $150,000.00. *Id.* ¶ 5. Mrs. Garner believes that she is the beneficiary of both of these policies. *Id.*

After the death of Mr. Garner, Mrs. Garner submitted a claim for life insurance benefits to MetLife. *Id.* ¶ 6. On August 7, 2020, MetLife sent Mrs. Garner a check for $114,010.93. *Id.* ¶ 7. On August 14, 2020, Garner's counsel sent MetLife a letter requesting an explanation for why the check was not for $165,000.00, the sum of both policy face values. *Id.* ¶ 8. MetLife did not respond. *Id.* Garner filed suit against MetLife alleging she is owed the $50,989.07 difference between the sum of both policies and the actual amount received, additional compensatory damages, prejudgment and post judgment interest, attorneys' fees, and punitive damages. *Id.* ¶ 13.

## LEGAL STANDARD

A court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court determines plausibility by considering only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense, and viewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Inferences are construed in favor of the nonmoving party. *Id.* at 1129 (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation omitted); *accord Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

## DISCUSSION

As a threshold matter, the court must determine whether it has subject matter jurisdiction in this case. 28 U.S.C. § 1332(a) requires diversity of citizenship between the parties and a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interests and costs[.]" Garner alleges that

3

she is a resident of South Dakota. Docket 1-2 ¶ 1. She also alleges that MetLife is a citizen of New York *Id.* ¶ 2. MetLife's notice of removal states that it is a New York company with its principal place of business in New York. Docket 1 at 4. Thus, complete diversity exists. In determining the amount in controversy, the court considers the contractual damages ($50,989.07), other consequential damages, attorneys' fees, and punitive damages. *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). MetLife alleges in its notice of removal that this amount will exceed $75,000. Docket 1 at 4-5. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). This court agrees that MetLife's assertion that the amount in controversy exceeds $75,000 is correct. Thus, diversity jurisdiction exists in this case.

Turning to the merits of the motion to dismiss, MetLife argues that Garner's claims are preempted by ERISA. Docket 2. Garner contends that the life insurance policies fall under ERISA's safe harbor provision and are not preempted. Docket 5.

Courts have long recognized that "ERISA . . . is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans." *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1343 n.1 (8th Cir. 1991). "Congress enacted ERISA to regulate comprehensively

4

certain employee benefit plans and 'to protect the interests of participants in these plans by establishing standards of conduct, responsibility, and obligations for fiduciaries.' " *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 906-07 (8th Cir. 2005) (quoting *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 628 (8th Cir. 2001)). "To meet the goals of a comprehensive and pervasive Federal interest and the interests of uniformity with respect to interstate plans, Congress included an express preemption clause in ERISA for the displacement of State action in the field of private employee benefit programs." *Minn. Chapter of Associated Builders & Contractors, Inc. v. Minn. Dep't of Pub. Safety*, 267 F.3d 807, 810 (8th Cir. 2001) (quoting *Wilson v. Zoellner*, 114 F.3d 713, 715-16 (8th Cir. 1997)). ERISA's own civil enforcement scheme preempts state-law causes of action when determining rights under an ERISA plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52-55 (1987). Thus, plaintiffs are generally precluded from bringing state-law claims regarding plans governed by ERISA. *See id.*

The Secretary of Labor, however, has promulgated a "safe harbor" provision to ERISA preemption. *Bonestroo v. Cont'l Life & Acc. Co.*, 79 F. Supp. 2d 1041, 1047 (N.D. Iowa 1999). The safe harbor provision states that ERISA does not govern a group or group-type insurance plan offered by an insurer to employees or members when:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation [in] the program is completely voluntary for employees or members;

> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). For the safe-harbor provision to apply to a plan, it must meet all four of the provision's requirements. *Dam v. Life Ins. Co. of N. Am.*, 206 Fed. App'x 626, 627 (8th Cir. 2006).

Garner and MetLife dispute whether the facts support a finding that all four elements have been met. *See* Dockets 5, 6, 7. Both sides look to exhibits outside of the pleadings for their argument, namely, the Benefits Confirmation Statement. *See id.*

Material outside the pleadings includes "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). "In adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints." *Dittmer Props. L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citing *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011)). "[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the

6

complaint, as well as materials that are necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

The Benefits Confirmation Statement is from Lincoln Financial Group, not MetLife. Docket 6. Lincoln Financial Group is not referenced in the complaint or any other attached exhibits. The lack of any allegations or references relating to Lincoln Financial brings the Statement outside the purview and embrace of the complaint. Thus, the court decides this motion based solely on the complaint and any exhibits attached to or necessarily embraced by the complaint, and without considering the Benefits Statement.

Because the court must construe the complaint in the light most favorable to the non-moving party, "it must acknowledge the possibility that plaintiff might establish that the plan satisfies the safe harbor criteria. Defendant cannot establish otherwise on the face of the complaint." *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000). The complaint does not refer to an amount contributed by Mr. Garner's employer to the plan. Docket 1-2. The complaint does not allege any facts that establish that participation in the plan was involuntary. *Id.* The complaint does not refer to an endorsement of the plan by Mr. Garner's employer. *Id.* The complaint does not state that Mr. Garner's employer received any consideration for participating in the plan. *Id.* So, the face of the complaint and attached exhibits do not provide any facts that would necessarily prevent Garner from

7

establishing all four elements of the safe harbor exception to ERISA preemption. With all inferences being drawn in favor of the non-moving party, the court infers that Garner may show a set of facts that establish an exception to, or the non-application of, ERISA preemption. Thus, Garner has stated a claim upon which relief can be granted.

## CONCLUSION

Garner has stated a plausible claim for relief under South Dakota law. Thus, it is

ORDERED that MetLife's motion to dismiss (Docket 2) is denied.

Dated July 22, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE